**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| BARBARA ROCKEY | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-00357-DDB |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**MEMORANDUM OPINION AND ORDER OF**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

**HISTORY OF THE CASE**

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title II and XVI of the Social Security Act on August 29, 2008, claiming entitlement to disability benefits due to cervical disc degeneration, obesity, and fatigue. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on March 29, 2010. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Russell B. Bowden, testified.

On March 3, 2011, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on April 25, 2012. Therefore, the March 3, 2011 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

1

# ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2009.

2. The claimant has not engaged in substantial gainful activity since December 20, 2006, the alleged onset date (20 C.F.R. 404.1571, *et seq.* and 416.971, *et seq.*).

3. The claimant has the following severe impairments: cervical disc degeneration, obesity, and fatigue [20.C.F.R. 404.1520(c) and 416.920(c)].

4. The claimant does not have impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 [20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926].

5. The claimant has the residual functional capacity to perform light work (lift up to 20 pounds occasionally, and 10 pounds frequently). She can stand and/or walk for about 2 hours in an 8 hour workday, but sit for at least 6 hours in an 8 hour workday. She is not limited to pushing and/or pulling with her upper and lower extremities. She has no postural, manipulative, visual, communicative, or environmental limitations.

6. The claimant is able to perform any past relevant work [20 C.F.R. 404.1565 and 416.965].

7. The claimant has not been under a disability, as defined in the Social Security Act, from December 20, 2006, through the date of this decision [20 C.F.R. 404.1520(g) and 416.920(g)].

(Tr. 8-16).

# STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive

and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered

3

disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fourth step.

## **ANALYSIS**

Plaintiff's first point of error is that the ALJ failed to find that her lumbar degenerative disc disease was severe at step two of his analysis. The ALJ did reference Plaintiff's back complaints. He notes that Dr. Herrerra saw Plaintiff several times and noted her spine was normal; she complained of a backache. There were no specific discussions by the doctor as to back problems. The ALJ noted that the records indicated a normal gait, and a straight leg raising test was negative with impression of low back pain with a history of L2 fracture. The ALJ noted that the MRI of the lumbar spine indicated 60% chronic compression fracture, with associated lumbar canal stenosis at

4

L1-2 and L2-3 as well as right foraminal narrowing at the L2-3 level.

The ALJ discussed Plaintiff's back condition at length. The ALJ's failure to make a severity finding at step two is not a basis for remand where the ALJ proceeds to later steps of his five-step analysis. *See Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987). Here, the ALJ questioned Plaintiff about her back. She reported no surgeries, and no physical therapy (Tr. 28). Her lawyer also questioned her about her back complaints. The ALJ did not explicitly find that her lumbar problem was not severe, and, because the ALJ discussed the symptom in formulating her RFC, the Court must infer that the ALJ found her low back problem to be severe. *Reyes v. Sullivan*, 915 F.2d 151, 154 (5th Cir. 1990).

Next, Plaintiff complains that the ALJ's step-three findings are not supported by substantial evidence. Plaintiff complains that the ALJ does not provide any explanation as to how her symptoms fail to qualify as a listing. Although Plaintiff states that she met the listing as to cervical and degenerative disc disease, she does not show how she met a particular listing. At best, her characterizations are generic. Plaintiff fails to demonstrate how her symptoms met or equaled a listed impairment. The burden is on Plaintiff to do so. *See Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990).

Pursuant to the holding in *Audler,* in a case in which the ALJ's step-three determination is at issue, the reviewing court must (1) determine whether the ALJ supported the step-three determination with a discussion of the relevant evidence, and, if he failed to do so, (2) determine whether the ALJ's error was harmless. *Audler v. Astrue,* 501 F.3d 446, 448-49 (5th Cir. 2007). Error is regarded as "harmless" when it does not compromise the ALJ's ultimate conclusion. *Morris v. Bowen*, 864 F.2d 333 at 335 (5th Cir. 1988). If the evidence suggests that the claimant's impairments meet the requirements of a listing, the ALJ's failure to provide the basis for his step

three decision is error that requires remand. *Audler,* 501 F.3d at 449.

In this case, the Court finds that lack of discussion as to a specific listing was harmless. Plaintiff has not demonstrated evidence of nerve root compression, sensory loss, motor loss or positive straight leg raising which would have to be shown with degenerative disc disease to meet the Listing 1.04. The ALJ observes that the medical records produced noted that her spine was normal without deformity or tenderness. On March 26, 2009, Plaintiff reported no problems. In September 2009, Dr. Hernandez noted that her spine was normal without deformity, tenderness, or CVA tenderness. She was to follow up in December but cancelled her appointment. When she saw Dr. Burt in February 2010, other than some decreased range of motion of the L-Spine, all other exams were essentially normal as to gait, straight leg raising, Romberg, coordination, as well as reported 5/5 strength in all muscle groups. The ALJ cited this record in his decision. Considering the records as a whole, any error in failure to specifically discuss Plaintiff's back condition or cervical condition at step three was harmless and does not justify a remand.

Plaintiff's last point of error is that the ALJ erred in rejecting Dr. Hernandez's opinions which resulted in a RFC assessment not supported by the substantial evidence in the record. The ALJ found that Plaintiff was capable of performing light work. Dr. Hernandez completed a form which limited Plaintiff to five pounds and occasionally up to ten pounds, noting she could sit for less than four hours per workday, and occasionally use her arms and legs for pulling or pushing as well as occasionally use her hands for fine manipulation. In effect, the ALJ rejected this form which contained the assessment by Dr. Hernandez. The form is a check and fill-in-the-blank form frequently submitted in these cases by counsel.

The ALJ gave several reasons for rejection. First, the conclusions did not meet the requirement of SSR 92-2p. As the ALJ noted, he did not give controlling weight to Dr. Hernandez's

6

form since the form was not backed up by sufficient progress notes or other objective evidence. Moreover, as the ALJ noted, matters related to a RFC are reserved to the Commissioner. 20 C.F.R. § 404.1527.

On April 21, 2009, Dr. Hernandez reports that the patient is having no problems. The same comment is made on October 27, 2008. Her June 2008 visit reports she is doing well. The same comments are reported in March 2008. Her visit of December 2007 does include notations of severe back pain, but there are no restrictions put on the patient. Although there are a couple of visits that refer to her back pain all through the summer of 2007, she is reported to be doing well with no problems. From July 2006 until sometime in 2007, she cancelled several appointments. In July 2006, she reports back pain, but Dr. Hernandez notes that her activity tolerance is essentially normal. At the same time, she is advised to resume normal activities. One constant theme throughout the medical records is her physician's admonishment to exercise. In January 2006, she is reported to have no problems. *See generally* TR 288-322. Although a few of these records predate her eligibility period, they are indicative of her condition throughout the period of consideration.

The real issue in this case is what credit should be given to a check-box form. Although Plaintiff had a long term relationship with the doctor, her treatment notes do not reflect the limitations he put on her when asked by counsel. Although by itself a check-box form might be weak evidence, the form can take on greater significance when supported by the medical records. *See Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993); *Johnson v. Apfel*, 189 F.3d 561, 564 (7th Cir. 1999). When form reports are unaccompanied by thorough written reports, their reliability is suspect. *See Mason*, 994 F.2d at 1065. Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, the ALJ has sole responsibility for determining a claimant's disability status. The ALJ is free to reject the opinion of

7

any physician when the evidence supports a contrary conclusion. The treating physician's opinions are not conclusive. The opinions may be assigned little or no weight when good cause is shown. Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton v. Apfel*, 209 F.3d 448 at 455-56 (5th Cir. 2000)(citations and quotations omitted) (emphasis added). The Court finds that the ALJ gave sufficient reasons for rejecting the form. Further, the ALJ's opinion is thorough. The Court finds no error.

## HOLDING

Pursuant to the foregoing, the Court finds that the decision of the Administrative Law Judge is **AFFIRMED.**

**SO ORDERED.**

**SIGNED this 26th day of December, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE